UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLIE WHITE,

    Petitioner,

v.                                                   Case No. 3:16-cv-1241-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

# ORDER

## I. Status

Petitioner Charlie White, an inmate of the Florida penal system, initiated this action on September 27, 2016,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, White challenges a 1978 state court (Bradford County, Florida) judgment of conviction for second-degree murder. White raises two ground for relief. See Petition at 5-7.[2] Respondents have submitted a memorandum in opposition to the Petition. See Motion to Dismiss (Response; Doc. 15) with exhibits (Resp. Ex.). White submitted a brief in reply to Respondents' response. See Petitioner's Reply to Respondent's Response (Reply; Doc. 16). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Equitable tolling principles also apply to the one-year limitations period. The Eleventh Circuit has explained:

> The AEDPA's one-year limitations period can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219

F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). However, this remedy is extraordinary and is applied sparingly. Id. "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). The petitioner bears the burden of showing that equitable tolling is warranted. Drew, 297 F.3d at 1286.[3] Thus, [the petitioner's] burden is to show extraordinary circumstances that were both beyond his control and unavoidable even with his own exercise of diligence.

Charest v. King, 155 F. App'x 494, 495-96 (11th Cir. 2005). Additionally, in McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[4] and House,[5] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S. at 332, 115 S.Ct. 851.

Id. at 386-87.

---

[3] Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).
[4] Schlup v. Delo, 513 U.S. 298 (1995).
[5] House v. Bell, 547 U.S. 518 (2006).

3

Respondents contend that this action is untimely. Response at 6-14. White acknowledges that his Petition is untimely but argues that he is entitled to equitable tolling because he is actually innocent. Petition at 13-15. Specifically, White argues that he "can show from the face of the record the constitutional violations used to obtain his conviction of second degree murder that did not occur as the State prosecuted it and the ineffectiveness and trickery of his court-appointed counsel in obtaining the conviction for the State." Id. at 14. The following procedural history is relevant to the one-year limitations issue.

On June 17, 1977, a grand jury indicted White on one count of first-degree murder. Resp. Ex. A at 17-18. On December 5, 1977, White entered a negotiated plea of guilty to the lesser-included offense of second-degree murder. Id. at 19-24. On January 9, 1978, the circuit court sentenced White to a life term of incarceration. Id. at 25-26. White did not appeal. Id. at 48.

As White's judgment of conviction and sentence became final before the April 24, 1996 effective date of AEDPA, the one-year limitations period in White's case began to run on April 24, 1996, and expired on April 24, 1997. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) ("The limitations period would have ended on April 24, 1997, the anniversary date of the triggering event, which was AEDPA's effective date."). Accordingly, White's Petition filed on September 27, 2016, is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Due to the age of this case, Respondents have been unable to locate and submit to the Court copies of White's earliest postconviction motions filed in state court.

4

Response at 7-9. However, an Attorney General's Case Report for appellate case number 1D00-00971 in Florida's First District Court of Appeal (First DCA) reflects that White appealed the denial of a postconviction motion on March 2, 2000. Resp. Ex. R at 2. The First DCA issued its Mandate per curiam affirming the circuit court's denial of the postconviction motion without a written opinion on June 27, 2000. Id.; Resp. Ex. O; White v. State, 767 So. 2d 1212 (Fla. 1st DCA 2000). White did not file another postconviction motion until April 23, 2007. Resp. Ex. L at 30. Accordingly, even if White's initial postconviction motion was filed prior to April 24, 1996 and tolled the statute of limitations, his one-year limitations period ended a year after the First DCA issued its Mandate on June 27, 2000. As White did not file any postconviction motions that would have tolled the statute of limitations between June 27, 2000, and April 23, 2007, the instant Petition is untimely. Notably, White has conceded his Petition is untimely. Petition at 13.

Although untimely, White argues the Court should address the merits of his claims because he is actually innocent and pursuant to Martinez v. Ryan, 566 U.S. 1 (2012) because his court-appointed trial counsel "tricked" him into entering his guilty plea. Reply at 2-3. In support of his actual innocence claim, White contends that "the face of the record" demonstrates he is actually innocent. Petition at 14. White has not provided the Court with any evidence not previously available at the time of his plea that proves or otherwise demonstrates his innocence. See Petition; Reply. As such, his lack of new evidence is fatal to his claim of actual innocence. See House v. Bell, 547 U.S. 518, 537 (2006) ("to be credible, a gateway claim requires new reliable evidence ... that was not presented at trial").

5

Regarding his claim that his trial counsel's ineffectiveness entitles him to equitable tolling of the statute of limitations, this claim fails as a matter of law. See Lambrix v. Sec'y, Fla. Dept. of Corr., 756 F.3d 1246, 1262 (11th Cir. 2014) (holding the equitable rule in Martinez did not alter or toll the statutory bar against filing untimely habeas petitions). White has not alleged that any other extraordinary circumstances occurred that would have delayed his filing of the Petition. Likewise, he cannot show due diligence because even assuming he filed a motion that tolled his statute of limitations period, approximately fifteen years have passed since the one-year period expired. Accordingly, as White has failed to demonstrate he is entitled to equitable tolling or that he is actually innocent, the Petition is due to be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If White seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, White "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If White appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Charlie White, #062942
Michael McDermott, Esq.